## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

RRI Associates LLC, *et al.*,

              Plaintiffs,

    v.

Huntington Way Associates, LLC,
*successor in interest to*
*Whippoorwill Farm Associates,*
*LLC, f/k/a Kingfish RRI LLC,*

              Defendant.

Case No. 2:22-cv-3273

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

RRI Associates LLC and WB-US Enterprises, Inc. ("Plaintiffs") move to

vacate an arbitration award and to stay proceedings to enforce the arbitration

award (the "Motion").  ECF No. 1.  Huntington Way Associates, LLC

("Defendant") moves to dismiss the Motion, arguing that this Court does not have

personal jurisdiction over Defendant.  ECF No. 15.  In the alternative, Defendant

moves this Court to abstain from deciding this case pursuant to the *Colorado*

*River* doctrine.

Plaintiffs also move for leave to file a sur-reply.  ECF No. 43.  Because

Plaintiffs' proposed sur-reply raises no new arguments relevant to evaluating

Defendant's motion, that motion is **DENIED**.  For the following reasons,

Defendant's motion is **GRANTED IN PART**.

## I.   FACTS

This dispute involves an arbitration award that, Plaintiffs argue, should be vacated because the arbitration panel exceeded its authority and impermissibly disregarded the Parties' contract.  Mot. 1, ECF No. 1.

Plaintiffs and Defendant are both members of an LLC called WRRH.  *Id.* 1–2.  WRRH owns the Red Roof Inn hotel brand.  *Id.*  Per the WRRH LLC agreement, Defendant had the right to exercise a put option and force Plaintiffs to purchase part of Defendant's interest in WRRH LLC.  *Id.* at 2; LLC Agmt. § 10.18, pg. 32–33, ECF No. 10.  Defendant exercised the put option, and the issue of the value of the put option was eventually submitted to an arbitration panel.  *See generally* Mot., ECF No. 1.

The arbitration panel issued its award (the "Award") on August 5, 2022; the Award heavily favored Defendant.  *See generally*, Final Award, ECF No. 9.  On August 22, 2022, Plaintiffs moved to vacate the Award in this Court.  ECF No. 1. The Motion was simply a preliminary motion; Plaintiffs requested additional time to supplement the Motion and more fully articulate their grounds for relief, which the Court granted.  ECF Nos. 5 & 7.  Plaintiffs filed the supplemental memorandum on November 3, 2022.  ECF No. 38.

On August 26, 2022, Defendant filed a comprehensive motion to confirm the Award in the Delaware Court of Chancery (the "Delaware Action").  *Docket, Huntington Way Assocs., LLC v. RRI Assocs. LLC, et al.*, C.A. No. 2022-0761-LWW (Del. Ch.); Mot. Ex. A, ECF No. 15-2.

Shortly thereafter, Defendant moved this Court to either (1) dismiss the Motion due to this Court's lack of personal jurisdiction over Defendant; or (2) abstain from this case in deference to the Delaware Action.  ECF No. 15. Plaintiffs moved the Delaware Court of Chancery to dismiss the motion to confirm the Award in the Delaware Action, arguing that this case was first-filed and, as such, should take priority.  *See* Mot. to Expedite, ECF No. 40.

On December 14, 2022, Vice Chancellor Will of the Delaware Court of Chancery presided over oral argument on Plaintiffs' motion to dismiss and each Party's cross-motions for summary judgment as to whether to confirm or vacate the Award in the Delaware Action.  Status Conf. Tr. 4:8–22, ECF No. 52.  During that argument, Vice Chancellor Will commented that it is the practice of the Delaware Court of Chancery to issue decisions within ninety days of argument. *Id.* at 7:18–24.

As this Court noted during a status conference with the Parties "we have a standoff" between this case and the Delaware Action.  *Id.* at 4:3.  Accordingly, the Court finds that the most prudent course of action is to abstain from further consideration of this case pursuant to the *Colorado River* doctrine until the Delaware Action is complete.  Because the Court finds that abstention is appropriate, it does not address Defendant's arguments as to personal jurisdiction.

## II.    STANDARD OF REVIEW

As a general principle, "[f]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given to them." *S2 Yachts, Inc. v. ERH Marine Corp.*, 855 F. App'x 273, 278 (6th Cir. 2021) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (cleaned up)).  However, "considerations of judicial economy and federal-state comity may justify abstention in suits involving the contemporaneous exercise of jurisdiction by state and federal courts" under the *Colorado River* doctrine.  *Romine v. Compuserve Corp.*, 160 F.2d 337, 339 (6th Cir. 1998).  Under this doctrine, abstention from a case by a federal court is permissible when: (1) there is "parallel" litigation pending in state and federal courts, and (2) the proposed litigation in federal court would be duplicative or unwise.  *Colorado River*, 424 U.S. at 817–18; *Romine*, 160 F.3d at 339.

There are two steps to the analysis under *Colorado River*.  First, the Court "must determine whether the state and federal proceedings are parallel." *Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 393 (6th Cir. 2019) (citation omitted).  If the proceedings are parallel, the Court must then examine whether judicial economy warrants abstention.  To make this determination, the Court considers the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect

the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction.

*Id.* at 395. These factors are not a "mechanical checklist" but rather are considerations that must be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

## III. ANALYSIS

As a threshold matter, there is no question that the two actions are parallel. The "proceedings need not be identical, merely 'substantially similar.'" *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004) (quoting *Romine*, 160 F.3d at 340). If "the parties are substantially similar, and the claims raised in both suits are predicated on the same allegations as to the same material facts, the two actions will come close enough to count as parallel." *Preferred Care of Delaware, Inc. v. VanArsdale*, 676 F. App'x 388, 393 (6th Cir. 2017) (cleaned up). Moreover, even if "the state suit includes parties and claims beyond those in the federal suit . . . such differences will not upset an otherwise substantial symmetry between the federal and state action." *Id.* at 394 (citing *Romine*, 160 F.3d at 340).

Here, both the Delaware Action and this action involve, at bottom, the same issue—whether the Award should stand. Every party in this case is also a party in the Delaware Action. The parties point to nothing in this case that would not also be resolved in the Delaware Action, and the Court likewise finds nothing.

Case No. 2:22-cv-3273

These similarities are more than enough to make the two cases parallel for the purposes of *Colorado River*. *See Phillip Diniaco & Sons, Inc. v. Max J. Colvin & Sons Trucking, Inc.*, 865 F.2d 1269, 1269 (6th Cir. 1988) (concluding that a state proceeding to confirm an arbitration award and a federal proceeding to vacate the same arbitration award, which were pending at the same time and involved the same parties, were "clearly parallel" proceedings).  Next, the Court considers the eight factors to determine whether judicial economy warrants abstention.

### 1. Whether the state court has assumed jurisdiction over any res or property

Defendant argues that an arbitration award is properly considered res or property and cites to a handful of cases outside the Sixth Circuit to support this position.  Mot. 17–18, ECF No. 23.  The Court disagrees with Defendant.

The Sixth Circuit has not addressed whether an arbitration award is res or property, and courts across the country seem to be split on the issue.  The courts that have concluded it should be considered res or property have reasoned that an arbitration award is "'sufficiently singular in nature that courts could enter conflicting decisions regarding its confirmation,' similar to the water rights decided in *Colorado River*."  *Aero Air, L.L.C. v. Sino Swearingen Aircraft Corp.*, No. CV-07-283-ST, 2007 WL 9809067, at *5 (D. Or. Mar. 13, 2007) (quoting *NitGen Co. v. SecuGen Corp.*, No. C 04-02912 JW (RS), 2004 WL 2303929, at *5 (N.D. Cal. Oct. 14, 2004)); *see also Road Runner Sports, Inc. v. McCoy*, Case No. 3:20-CV-1539 W (KSC), 2021 WL 3439421, at *3 (S.D. Cal. Jun. 2, 2021);

*Scottsdale Ins. Co. v. Parmerlee*, No. 19-MC-80298-JSC, 2020 WL 1332146, at

*4 (N.D. Cal. Mar. 23, 2020); *Hinman v. Fujitsu Software Corp.*, No. C05-03509

MJJ, 2006 WL 358073, at *2 (N.D. Cal. Feb. 13, 2006).

This rationale seems to stem from a 2002 case out of the Fourth Circuit

which considered whether a district court should have abstained under *Colorado*

*River* in a case to vacate an arbitration award when there was a competing

action in state court to confirm the same arbitration award. *Vulcan Chem.*

*Techs., Inc. v. Barker*, 297 F.3d 332, 337, 341 (4th Cir. 2002). In concluding that

the arbitration award was res or property, the Fourth Circuit wrote:

> while the state court "did not have jurisdiction over property that could
> permit it to exclude the federal court from considering the matter, it
> nevertheless had jurisdiction over the arbitration award to the same
> extent that the state court in *Colorado River* had jurisdiction over the
> water rights. Moreover, just as in *Colorado River*, the [state court's]
> jurisdiction in this case created a potentiality for conflicting decisions
> regarding the arbitration award . . . .

*Id.* at 341.

However, several other courts, including one court in this district, have

rejected this conclusion. *See, e.g., Reynolds & Reynolds Co. v. Mikuta*, No.

3:14-MC-017, 2015 WL 569877, at *2 (S.D. Ohio Feb. 11, 2015) (concluding that

no res or property was involved in a case involving competing actions to confirm

and vacate an arbitration award); *Guzy v. Guzy*, No. 319CV00129RJCCBC, 2019

WL 1810969, at *2 (D. Nev. Apr. 24, 2019) (same); *Parkland Env't Grp., Inc. v.*

*Laborers' Int'l Union of N. Am., Laborers' Loc. 477*, No. 06-3238, 2007 WL

1431876, at *4 (C.D. Ill. May 11, 2007); *In re Arb. Between IFC Interconsult, AG*

*& Safeguard Int'l Partners, LLC*, 334 F. Supp. 2d 777, 779–80 (E.D. Pa. 2004), *aff'd sub nom. IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298 (3d Cir. 2006); *Garber v. Sir Speedy, Inc.*, No. CIV.A.3:96-CV-1089-P, 1996 WL 734947, at *5 (N.D. Tex. Dec. 11, 1996).

An analysis of this conflict by Judge Reade of the Northern District of Iowa is persuasive.  Judge Reade acknowledged that several courts have found that an arbitration award qualifies as res or property, but she disagreed with that conclusion, reasoning that "this factor typically asks whether one court has jurisdiction over a particular piece of property, such that the action is in rem." *Samuels Grp., Inc. v. Hatch Grading & Contracting, Inc.*, 697 F. Supp. 2d 1042, 1053 (N.D. Iowa 2010).  As such, Judge Reade concluded in *Samuels* that because the action involved vacation of an arbitration award, the action was an in personam action and did not involve a res. *Id.*

Defendant contends that this interpretation is overly formalistic and should be rejected.  Perhaps it is overly formalistic, but this interpretation is most faithful to *Colorado River* itself.  In explaining this factor in *Colorado River*, the Supreme Court cited to *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964).  In *Donovan*, the Supreme Court discussed an "exception" to state and federal courts restraining one another's proceedings, that exception being "where a court has custody of property, that is, proceedings in rem or quasi in rem." *Id.*

The Court agrees with Judge Reade's analysis and concludes that, because this is an in personam action regarding the Award, the Award is not

properly considered res or property for the purpose of this factor. While the Court does not take the potential for conflicting decisions regarding the Award lightly, this concern is better suited for consideration under other *Colorado River* factors. The first factor, therefore, weighs against abstention. *Romine*, 160 F.3d at 341 (noting that where no property is at issue, the first factor is inapposite and supports exercising jurisdiction).

## 2. Convenience of the Forums

The convenience factor "relates to geographical considerations, and not the relative jurisdictional scope of the fora." *Wm. R. Hague, Inc. v. Sandburg*, 468 F. Supp. 2d 952, 958 (S.D. Ohio 2006) (citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001)).

This Court is based in Columbus, Ohio. The Delaware Action is based in the Delaware Court of Chancery in Wilmington, Delaware. The parties and counsel in each case hail from several different states. Plaintiffs are Delaware limited liability companies and are, for diversity purposes, citizens of Texas, Florida, Monaco, and Singapore. Jurisd. Stmt. Ex. 1 ¶¶ 2–5, ECF No. 50-1. Plaintiffs' corporate representative resides in Texas. *Id.* Defendant is also a Delaware limited liability company and is, for diversity purposes, a citizen of Connecticut. *Id.* ¶ 6. Defendant's corporate representative resides in Connecticut. Resp. Ex. 1, ¶ 2, ECF No. 34-1. Plaintiffs' counsel in this case is based in Cleveland, Ohio, approximately 150 miles from the Federal Courthouse in Columbus, Ohio. Defendant's counsel in this action is based in New York City,

approximately 580 miles from Columbus. Counsel in this case have also appeared in the Delaware Action, along with several additional attorneys who have not appeared in this case.

Therefore, it seems that Columbus is more convenient than Delaware for only Plaintiffs' counsel. Delaware is more convenient for Defendant's Counsel, as Wilmington is approximately 150 miles from New York City. Delaware is also more convenient for Defendant, who is based in Connecticut. Neither Delaware nor Ohio is particularly convenient for Plaintiffs, who are based in Texas, Florida, and abroad.

When a forum is more convenient for one party and less convenient for another, courts typically find this factor to be neutral. *See, e.g., Close v. Eldo Organic, LLC*, No. 2:22-CV-1630, 2022 WL 3053751, at *5 (S.D. Ohio Aug. 2, 2022); *Paat v. Messner*, No. 2:20-CV-3680, 2020 WL 8366158, at *2 (S.D. Ohio Dec. 15, 2020). However, when counsel is already engaged in litigation in another forum, that demonstrates that litigating in that forum is not necessarily inconvenient. *See Healthcare Cap., LLC v. Healthmed, Inc.*, 213 F. Supp. 2d 850, 858 (S.D. Ohio 2002).

Accordingly, because (1) Delaware is more convenient for Defendant and Defendant's counsel; (2) neither Delaware nor Ohio are convenient forums for Plaintiffs; and (3) Plaintiffs' counsel has been actively litigating in Delaware, this factor weighs slightly in favor of abstention.

### 3. Avoidance of Piecemeal Litigation

"The third and 'paramount' factor in *Colorado River*—avoiding piecemeal litigation—supports abstention here[.]" *Preferred Care,* 676 F. App'x at 395. Piecemeal litigation occurs when parallel cases with overlapping claims are litigated at the same time with the possibility of inconsistent results. *Close,* 2022 WL 3053751, at *5 (citing *Healthcare Co,* 784 F. App'x at 396 ("If both actions were permitted to go forward, two courts would be adjudicating the same legal issues—the classic piecemeal litigation situation.")). Indeed, courts have found that avoiding piecemeal litigation counsels strongly in favor of abstention when there are parallel proceedings to confirm and vacate an arbitration award. *See, e.g., Hinman,* 2006 WL 358073, at *3. Although the state court proceeding was further along in *Hinman* than the Delaware Action is here, the court concluded that "there is a significant chance that each court will be independently deciding the same issues and will produce inconsistent or contradictory results." *Id.*

Here, this case and the Delaware Action are litigating nearly identical issues—namely, whether the arbitration award should be confirmed or whether it should be vacated. This implicates the central rationale for abstention—avoiding inconsistent results which would throw the validity of the arbitration award "in turmoil." *Blake v. Wells Fargo Bank, NA,* 917 F. Supp. 2d 732, 737–38 (S.D. Ohio 2013). Accordingly, this factor weighs heavily in favor of abstention.

### 4. Order in Which Jurisdiction Was Obtained and the Relative Progress of Each Proceeding

This factor would appear to counsel against abstention because this case was first filed. However, as the Supreme Court emphasized in *Moses H. Cone*, when analyzing this factor, priority should not "be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Preferred Care*, 676 F. App'x at 395–96 (quoting *Moses H. Cone*, 460 U.S. at 21). Thus, this factor is "closely linked" with the seventh factor—the relative progress of the two actions. *Flectat, Ltd. v. 4747 Montgomery Rd. Partners LLC*, No. 1:21-CV-100, 2022 WL 2240020, at *6 (S.D. Ohio June 7, 2022).

This case was filed four days before the Delaware Action. To date, the Court has met with counsel only once—in early February 2023—and this is the first substantive opinion the Court has issued. Conversely, the Delaware Action is substantially further along. The Delaware Court of Chancery heard oral arguments on the merits of confirming or vacating the Award in mid-December 2022. Further, a decision in the Delaware Action—presumably on the merits of whether to confirm or vacate the arbitration award—is expected in March 2023. At this stage, the Court has relatively little familiarity with the substantive issues Plaintiffs raise in their Motion. Furthermore, the Court has doubts as to whether it has personal jurisdiction over Defendant and would likely need to hold an

evidentiary hearing to resolve that issue.  The Court must resolve this

jurisdictional issue before it could proceed to the merits of Plaintiffs' Motion.  This

could take at least several months.

Thus, due to the asymmetry in progress between the two cases, the

temporal delay between the filing of this case and the Delaware Action is

immaterial.  *See Moses H. Cone*, 460 U.S. at 21 (finding a 19-day delay between

state and federal court filings immaterial given the absence of progress in state

court and the substantial proceedings that had occurred in federal court); *Wm. R.*

*Hague, Inc.*, 468 F. Supp. 2d at 959 (finding twelve-day delay between state and

federal court filing to be a "negligible difference").  Accordingly, this factor weighs

in favor of abstention.  *Cf. Romine*, 160 F.3d at 342 (affirming district court's

decision to abstain when the state court proceedings were well into the discovery

process and the presiding state judge had entered several orders).

## 5. Adequate Protection of Plaintiffs' Rights

Plaintiffs do not, and cannot, seriously dispute that the Delaware Court of

Chancery could adequately protect their rights.  There is no reason the Delaware

Court of Chancery is not adequate to adjudicate this dispute.  *See Healthcare*

*Co.*, 784 F. App'x at 396.  Accordingly, this factor favors abstention.

## 6. Source of Governing Law

The crux of the legal question in this dispute is whether the arbitration

panel exceeded its authority such that vacation of the award is required under

the Federal Arbitration Act.  At first glance, then, this dispute appears to be

governed by federal law. *See Reynolds & Reynolds Co.*, 2015 WL 569877, at *3 (concluding that because the FAA provides the exclusive law for confirmation or vacatur of an arbitration award, federal law applies and counsels against abstention). However, "the Supreme Court has stated that the source-of-law factor is less significant when the states and federal courts have concurrent jurisdiction." *Bates v. Van Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004) (citing *Moses H. Cone*, 460 U.S. at 25).

Neither party disputes that the Delaware Court of Chancery has concurrent jurisdiction over this action. Moreover, interpretation of what the contract says and what authority the arbitration panel had in the first instance is guided by Delaware state law. *See* Resp. 13, ECF No. 38. In turn, determination of whether the arbitration panel exceeded that authority or manifestly disregarded the terms of the contract is governed by both Delaware law and the FAA. *Cf. Hinman*, 2006 WL 358073, at *3 (concluding that this factor weighed in favor of abstention where the plaintiff raised issues of state law in an action to confirm an arbitration award under the FAA).

The Court is mindful that application of the FAA "is a major consideration in weighing against abstention." *Reynolds & Reynolds Co.*, 2015 WL 569877, at *3. However, due to the equally strong presence of Delaware state law issues in this case, the Court finds this factor to be neutral.

## 7. Relative Progress of Each Proceeding

The Sixth Circuit has recognized that a strong consideration for courts in cases involving *Colorado River* abstention is the relative progress of the two cases. *See PaineWebber, Inc.*, 276 F.3d at 207–08; *Bates*, 122 F. App'x at 807. As discussed above, the Delaware Action has made significantly more progress than this case. "It would be especially wasteful to simultaneously litigate this dispute in two for[a] considering that the [Delaware] court will almost certainly render a judgment first and thereby deprive this Court of jurisdiction to resolve the matter because of *res judicata*." *Emerald Logistics, Inc. v. Crutcher*, No. 2:07-CV-1112, 2008 WL 3926441, at *4 (S.D. Ohio Aug. 25, 2008). Accordingly, as with the fourth factor, this factor weighs heavily in favor of abstention.

## 8. Presence or Absence of Concurrent Jurisdiction

As discussed in the Court's analysis of the sixth factor, neither Plaintiffs nor Defendant dispute the existence of concurrent jurisdiction. "[T]he fact that there is concurrent jurisdiction between the state and federal courts evinces a policy favoring abstention." *Blake*, 917 F. Supp. 2d at 738; *see also Preferred Care*, 676 F. App'x at 397 ("[A]s both courts have jurisdiction over the question of arbitrability under the FAA," this factor weighs in favor of abstention).

As also noted above, the Court has doubts as to whether it has personal jurisdiction over Defendant in this case and would likely need to conduct an evidentiary hearing to resolve that issue. This fact counsels in favor of abstention. *Cf. Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-00292, 2014

Case No. 2:22-cv-3273                                            Page 15 of 16

WL 4748430, at *5 (S.D. Ohio Sept. 23, 2014) (concluding this factor did not favor abstention when the federal court had jurisdiction over all parties to the case, but the state court did not). Therefore, this factor also favors abstention.

## IV. CONCLUSION

In sum, the only factor that weighs against abstention is the first factor because the state has not assumed jurisdiction over any res or property. The remaining factors vary from neutral—as with the sixth factor—to slightly favoring abstention—as with the second and fourth factors—to heavily favoring abstention—as with the third and seventh factor. On balance then, the factors clearly weigh in favor of this Court abstaining until the Delaware Action is resolved.

Accordingly, this case is **STAYED** pending the resolution of *Huntington Way Assocs., LLC v. RRI Assocs. LLC, et al.*, C.A. No. 2022-0761-LWW (Del. Ch.). The Parties are **ORDERED** to file a joint report outlining the status of the Delaware Action within **FORTY-FIVE DAYS** and, if necessary, every **SIXTY DAYS** thereafter.

The Clerk is **DIRECTED** to terminate ECF Nos. 1, 15, and 43. Any motions requiring resolution after the Delaware Action is resolved will be re-activated at that time.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

Case No. 2:22-cv-3273

Page 16 of 16