UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RRI Associates LLC,** *et al.,*

                **Plaintiffs,**

        **v.**

**Huntington Way Associates, LLC,**
***successor in interest to***
***Whippoorwill Farm Associates,***
***LLC, f/k/a Kingfish RRI LLC,***

           **Defendant.**

**Case No. 2:22-cv-3273**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

RRI Associates LLC and WB-US Enterprises, Inc. ("Plaintiffs") move to recover the costs of perfecting service of process on Huntington Way Associates ("Defendant") pursuant to Federal Rule of Civil Procedure 4(d). ECF No. 33. For the following reasons, Plaintiffs' motion is **GRANTED IN PART.**

## I. BACKGROUND

Plaintiffs and Defendant are both members of an LLC called WRRH. Mot. 1, ECF No. 1. Per the WRRH LLC agreement, Defendant had the right to exercise a put option and force Plaintiffs to purchase part of Defendant's interest in WRRH. *Id.* at 2. Defendant exercised the put option, and an arbitration panel determined the value of the put option. *See generally* Mot., ECF No. 1. The arbitration panel issued its award (the "Award") in August 2022. *See* Final Award, ECF No. 9. Shortly thereafter, Plaintiffs moved to vacate the Award in

this Court. ECF No. 1. Several days later, Defendant moved to confirm the Award in the Delaware Court of Chancery. *See* Op. and Order, ECF No. 53. After considering the parties' respective positions, the Court ultimately issued an order staying this case (the "Stay Order") in deference to the parallel proceeding in the Delaware Court of Chancery. ECF No. 53.

However, before the Court issued the Stay Order, Plaintiffs moved to recover costs arising from Defendant's failure to waive service of process (the "Motion"). ECF No. 33. Plaintiffs argue that, pursuant to Federal Rule of Civil Procedure 4(d), they sent a waiver of service to Defendant on September 2, 2022. *Id.* at 1. That waiver request required a response within thirty days. *Id.* at 2; Waiver Req., ECF No. 33-1, PAGEID # 724. Defendant did not return the waiver form but, within the thirty-day window, moved to dismiss or stay this case. ECF No. 15. Defendant did not argue insufficient service of process in this motion.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(d) provides that a defendant "has a duty of avoid unnecessary expenses of serving [a] summons." To that end, a "plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Then, "[i]f a defendant . . . fails, without good cause, to sign and return a waiver . . . the court must impose on the defendant the expenses incurred in making service;

and the reasonable expenses, including attorney's fees, of any motion required to collect those expenses." Fed. R. Civ. P. 4(d)(2)(A)–(B).

A finding of good cause for failure to waive should be rare. *E.g.*, *Ilaw v. Dept. of Justice*, Civil Action No. 15–609 (CKK), 2015 WL 4381326, at *1 (D.D.C. July 16, 2015) (citing Fed. R. Civ. P. 4 Advisory Cmt. Note on 1993 Amdt.). Only limited circumstances should support a finding of good cause, such as "if the defendant did not receive the request or was sufficiently illiterate in English to understand it." *E.g.*, *Store Chain, Inc. v. Gilbert*, No. 4:22 CV 938 DDN, 2023 WL 2930363, at *8 (E.D. Mo. Apr. 12, 2023) (quoting Fed. R. Civ. P. 4 Advisory Cmt. Note on 1993 Amdt.). A belief that "the claim is unjust or that the court lacks jurisdiction" is not sufficient to demonstrate good cause. *Id.*

## III.    ANALYSIS

It is undisputed that Defendant did not sign and return the waiver of service form within thirty days. Therefore, unless Defendant demonstrates good cause for this failure, Plaintiffs are entitled to recover expenses incurred in perfecting service and reasonable expenses related to its motion to recover the same. *See* Fed. R. Civ. P. 4(d)(2).

Defendant does not show good cause. First, Defendant argues that when it filed a motion to dismiss before the thirty-day window for waiving service expired and did not raise the defense of insufficient service of process in that motion, it effectively waived service. Resp. 3, ECF No. 39. Defendant is correct that a failure to raise an insufficient service of process defense in its first

responsive pleading waives that argument. *See* Fed. R. Civ. P. 12(g)(2),

(h)(1)(A); *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019). However,

waiving service of process and waiving an affirmative defense that service was

insufficient are not the same. Defendant does not cite to any case law, and the

Court finds none, supporting the argument that failing to raise an insufficient

service defense also constitutes waiver of service.

Therefore, Defendant's intervening motion to dismiss is not good cause for

its failure to return the waiver. *Cf. Baxam Law Grp. LLC v. Howard & Howard*

*Att'ys, PLLC,* Civil Action No. 1:10-CV-04266-AT, 2012 WL 13006244, at *1

(holding that engaging in settlement negotiations, which indicated defendant was

fully aware of the suit against it, did not constitute good cause for failure to return

a waiver). Rule 4(d) provides the proper mechanism for waiver of service.

Defendant did not comply with that mechanism. Accordingly, Plaintiffs are

entitled to its expenses later incurred in making service and attorney's fees

incurred in connection with its motion collect those service expenses.

Plaintiffs request $212.00 for its expenses later incurred in making service.

The Court finds such expenses reasonable and properly supported by evidence.

*See* Exs. C–D, ECF No. 33.

Plaintiffs further request $558.00 in attorney's fees incurred in connection

with obtaining service; $896.42 in attorney's fees incurred in connection with its

motion to collect those service expenses; and such additional attorney's fees as

it may continue to incur in connection with the same.

First, Plaintiffs are not entitled to the $558.00 in attorney's fees incurred in connection with obtaining service. *See e.g., Kopacz v. Hopkinsville Surface and Storm Water Utility*, No. 5:09–CV–00203–TBR, 2010 WL 2541170, at *2 (W.D. Ky. June 18, 2010) ("[A]n attorney's fee may be imposed only for the attorney's effort in making a motion . . . arranging for formal service after the defendant has refused a waiver is not a compensable item."); *Wilson v. Louisiana, ex rel. La. Tax Com'n*, Civil Action No. 10-3338, 2011 WL 1527065, at *2 (E.D. La. Apr. 20, 2011) ("Fees incurred in connection with attempts to make service or obtain a waiver do not fall within the scope of [Rule 4].").

Second, Plaintiffs have not submitted sufficient evidence to show that the amount of attorney's fees it incurred in making this motion is reasonable. Although Plaintiffs' counsel submitted a declaration to support these expenses, the declaration is devoid of any detail.  For example, the declaration does not contain any itemized time or billing rate information.  Simply saying one is entitled to a specific amount in fees does not render one entitled to that amount in fees. The Court cannot assess reasonableness on the basis of this limited information. *See, e.g., Deserto v. Aiyan Diabetes Ctr. Inc.*, CV 122-096, 2022 WL 16558430, at *1 (S.D. Ga. Oct. 31, 2022) (requiring the plaintiff to submit itemized information to allow the defendant to lodge an objection to the same).

Accordingly, Plaintiffs are **ORDERED** to file a supplemental notice containing itemized time and billing information to support its motion for attorney's fees within **TEN DAYS**.  Defendant may respond with any objections

to the same within **TEN DAYS** of Plaintiffs' supplemental notice.  Plaintiffs may

not include in the supplement attorney time spent complying with this Order; that

time shall not be recovered.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**